UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9693-DMG (RAOx)** | Date | June 9, 2026 |
|---|---|---|---|

| Title | ***Travelers Property Casualty Company of America v. Allwire, Inc., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN  CHAMBERS—ORDER  TO  SHOW  CAUSE  WHY  THE  COURT SHOULD NOT CONSTRUE PLAINTIFF'S MOTION TO AMEND AS A MOTION TO SUPPLEMENT [62]**

Plaintiff Travelers Property Casualty Company of America's ("Travelers") filed a motion for leave to file a First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 15(a). [Doc. # 62 ("MTA").]  Defendant Allwire, Inc. ("Allwire") opposed.  [Doc. # 66.]  Upon review of the briefs, including Travelers' proposed FAC, it has become apparent to the Court that the motion may be more appropriately characterized as a motion to supplement under Federal Rule of Civil Procedure 15(d).[1]

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); *see Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  In general, it is the party who opposes a Rule 15 motion to supplement who bears the burden to show the motion should not be granted.  *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

In the original Complaint, Travelers alleged claims for (1) declaratory relief on the duty to defend and (2) reimbursement.  [Doc. # 1 ("Compl.") at ¶¶ 27–32.]  Travelers agreed to defend Allwire in the underlying action subject to a full reservation of rights.  *Id.* at ¶ 20, 31.  The reimbursement claim included costs, fees, and amounts that *would* be paid in Travelers' defense of Allwire.  *Id.* at ¶ 31.  Travelers' proposed "amendments" merely add facts as to amounts paid towards settlement, and defense fees and costs, in the underlying action—events that necessarily occurred after the date of the Complaint.  *See* Doc. ## 67 ("All Travelers is trying to do with the Proposed First Amended Complaint is to update Travelers' causes of action . . ."), 67-1 (proposed

---

[1] The Court's previously referenced Rule 16(b) based on Travelers' representation in the parties' joint stipulation that it intended to file a "motion to amend" the Complaint.  *See* Doc. ## 56 at 4, 60 at 2 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9693-DMG (RAOx)** | Date | June 9, 2026 |
|---|---|---|---|

| Title | ***Travelers Property Casualty Company of America v. Allwire, Inc., et al.*** | Page | 2 of 2 |
|---|---|---|---|

FAC).  There does not appear to be any effort to amend the complaint to add new claims or parties.  In effect, even if Travelers had not brought a "motion to amend" or the Court denies any motion to supplement, the underlying reimbursement claim would still be at issue and would be subject to proof.

Accordingly, Travelers is **ORDERED TO SHOW CAUSE** in writing why the Court should not construe its motion to amend as a motion to supplement.  Travelers' response shall be due by **June 16, 2026** and shall not be longer than five pages.  Allwire's response, if any, shall be due by **June 23, 2026** and shall not be longer than 10 pages.  Failure to timely file a response to this Order may result in the Court construing Travelers' motion to amend as a motion to supplement.

**IT IS SO ORDERED.**

---

CV-90                               **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk <u>DD</u>